IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN JAMES JOHNSON, # 162564, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv1127-MHT |
| ) | (WO) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Alvin James Johnson ("Johnson") on November 3, 2014. Doc. No. 1.[1] Johnson challenges his 2010 capital murder conviction in the Circuit Court of Montgomery County. He was sentenced to life in prison without parole. His petition raises two claims of ineffective assistance of counsel and six claims of alleged trial court error.

The respondents argue that Johnson's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. No. 11. The court agrees and finds that Johnson's petition should be denied without an evidentiary hearing.

**II.   DISCUSSION**

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

>	(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>	(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>	(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>	(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>	(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>	(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On November 18, 2010, a Montgomery County jury found Johnson guilty of capital murder of a child less than 14 years of age, in violation of § 13A-5-40(a)(15), Ala. Code 1975.  Doc. No. 11-1 at 7.  After Johnson waived his right to a presentence report, the trial court sentenced him to life in prison without the possibility of parole.  *Id.* at 8.

Johnson appealed, and on April 13, 2012, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming his conviction and sentence.  Doc. No. 11-5.  Johnson applied for rehearing, which was denied.  He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 10, 2012.  Doc. Nos. 11-6 & 11-7.  On that

2

same date, a certificate of judgment was issued. Doc. No. 11-7. Johnson did not seek certiorari review in the United States Supreme Court.

On July 12, 2013, Johnson filed a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 11-9. The Rule 32 petition was denied by the trial court on April 14, 2014. Doc. No. 11-11. Johnson appealed from that denial, and on September 18, 2014, the Alabama Court of Criminal Appeals dismissed his appeal as untimely. Doc. Nos. 11-15 & 11-16.

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari, issues a decision on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004).

On direct review in Johnson's case, the state court issued the certificate of judgment on August 10, 2012. Because Johnson had applied for rehearing in the Alabama Court of Criminal Appeals and then filed a petition for writ of certiorari with the Alabama Supreme Court, he was permitted 90 days to petition the United States Supreme Court for certiorari review. *Id*. at 1236; *Pugh*, 465 F.3d at 1299; U.S. Sup. Ct. Rule 13.1 (providing that a petition for a writ of certiorari in the United States Supreme Court is timely when filed within 90 days after entry of judgment or denial of discretionary review by the state court of last resort). At the expiration of that 90-day period – i.e., on November 8, 2012 – Johnson's conviction became final under § 2244(d)(1)(A). *See Pugh*, 465 F.3d at 1299 (if prisoner does not petition the Supreme Court for certiorari review, his conviction "becomes final when the time for filing that petition expires"). Consequently,

absent any statutory or equitable tolling, Johnson had until November 8, 2013, to file his § 2254 petition with this court.

*Statutory Tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ...." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Johnson filed a state Rule 32 petition on July 12, 2013. Under § 2244(d)(2), that filing tolled AEDPA's one-year limitation period for him to file a § 2254 petition. *McCloud*, 560 F.3d at 1227. When Johnson filed the Rule 32 petition, AEDPA's limitation period had run for 246 days (i.e., from November 8, 2012, to July 12, 2013), leaving him 119 days within which to file a § 2254 petition.

The trial court denied Johnson's Rule 32 petition on April 14, 2014. Although Johnson filed an appeal from that denial, the Alabama Court of Criminal Appeals dismissed the appeal as untimely because it was not filed within the 42-day period provided by Alabama law.[2] *See* Ala.R.App.P. 4(b)(1). Under the circumstances, the state court proceedings regarding Johnson's Rule 32 petition were final once the 42-day period to appeal expired without Johnson's having filed a timely notice of appeal. Therefore, AEDPA's limitation period began to run again 42 days after the trial court's April 14, 2014, denial of Johnson's Rule 32 petition – i.e., on May 26, 2014. At that time, Johnson had until September 22, 2014 (119 days after May 26, 2014), to file a timely

---

[2] The Alabama Rules of Appellate Procedure govern appeals in post-conviction cases in Alabama. Ala.R.Crim.P. 32.10. Rule 4 of the Alabama Rules of Appellate Procedure provides that "[i]n a criminal case a notice of appeal by the defendant shall be filed with the clerk or the trial court within 42 days (6 weeks) after pronouncement of the sentence." Ala.R.App.P. 4(b)(1). In the context of post-conviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition. *See, e.g., Barfield v. State*, 703 So.2d 1011, 1012 (Ala. Crim. App. 1997).

4

§ 2254 petition in this court. However, he filed his § 2254 petition on November 3, 2014 – 42 days after AEDPA's limitation period had expired.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Johnson such that AEDPA's limitation period commenced on some date later than November 8, 2012, or (counting tolling under §2244(d)(2)) expired on some date later than September 22, 2014. There is no evidence that any unconstitutional or illegal State action impeded Johnson from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Johnson presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 Fed.App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009).

5

Johnson seems to argue he is entitled to equitable tolling – and that the untimely filing of his § 2254 petition should be excused – because, he says, the Alabama Court of Criminal Appeals erroneously determined that his appeal from the denial of his Rule 32 petition was untimely. Doc. No. 17 at 2-3. According to Johnson, he was forced to "engage in a legal tangle" regarding the timeliness of his appeal that ultimately led to his untimely filing of his § 2254 petition. *Id*. at 2.

The record reflects that the Alabama Court of Criminal Appeals dismissed Johnson's appeal from the denial of his Rule 32 petition upon finding that Johnson filed his notice of appeal on June 11, 2014, "a good deal longer than 42 days from the date of the [April 14, 2014] denial" of his Rule 32 petition. *See* Ala.R.App.P. 4(b)(1). Doc. No. 11-16 at 1. The Alabama Court of Criminal Appeals had previously returned a notice of appeal to Johnson that Johnson had mistakenly filed in the appellate court, with instructions that the Alabama Rules of Appellate Procedure require the notice of appeal to be filed with the clerk of the trial court.[3] Johnson subsequently claimed that, in addition to filing the notice with the appellate court, he had also filed a notice of appeal with the clerk of the trial court by mailing it from prison on May 14, 2014, which would have been timely under Ala.R.App.P. 4(b)(1). Doc. No. 11-13. However, the clerk of the trial court determined that she had received no such notice of appeal from Johnson. Doc. No. 11-14. While the clerk of the trial court ultimately received a hand-delivered notice of appeal on June 11, 2014, that later date (which was indicated on the notice of appeal) was well after expiration of the 42 days allowed under Ala.R.App.P. 4(b)(1). Consequently, the Alabama Court of Criminal Appeals dismissed Johnson's appeal from the denial of his Rule 32 petition on grounds of untimeliness.

---

[3] The Alabama Rules of Appellate Procedure require the notice of appeal to be filed with the clerk of the trial court; no allowance is made for a notice filed mistakenly in the appellate court. Ala.R.App.P. 4(b)(1).

Johnson insists that the clerk of the trial court "misplaced" the notice of appeal he says he filed (by mailing it from prison) on May 14, 2014. Doc. No. 17 at 2. This court, however, is bound by the state court's determination that Johnson's appeal was untimely because it was not filed with the clerk of the trial court within 42 days of the denial of his Rule 32 petition. *See Hill v. Jones*, 242 Fed. App'x 633, 635 n.6 (11th Cir. 2007). Rule 4(b)(1) of the Alabama Rules of Appellate Procedure directs unambiguously that notice of appeal of a criminal case be filed with the clerk of the circuit court. Further, Ala.R.App.P. 2(a)(1) provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Johnson does not demonstrate error in Alabama Court of Criminal Appeals' determination that his appeal from the denial of his Rule 32 petition was untimely. Certainly, he fails to establish the "extraordinary circumstances" required to warrant equitable tolling.

While Johnson says the untimeliness of his Rule 32 appeal should be imputed to the State (Doc. No. 17 at 2), his contention that the clerk of the trial court misplaced his notice of appeal remains nothing more than an allegation. Moreover, he fails to establish a causal nexus between his engagement in a "legal tangle" regarding the timeliness of his appeal and the tardiness of his § 2254 petition. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). Johnson fails to demonstrate reasonable diligence

7

on his part to protect his rights. He did not file a "protective" § 2254 petition in this court requesting a stay until he exhausted his state court remedies, *see Hill*, 242 Fed. App'x at 636 n.7, and there is no evidence he sought to avail himself of possible state court remedies allowing the filing of an out-of-time appeal from the judgment denying his Rule 32 petition.

Johnson also argues, as an additional basis for equitable tolling, that he should benefit from the Supreme Court's decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), since he was not represented by counsel in the Rule 32 proceedings.[4] Doc. No. 17 at 2-3. Under this theory, his failure to timely appeal from the denial of his Rule 32 petition and to timely file his § 2254 petition would be excused, so that AEDPA's limitation period would not operate as a time-bar to his § 2254 petition. However, *Martinez* applies only to procedural default (and only in limited situations) and does not apply to AEDPA's limitation period. *See, e.g., Lambrix v. Sec. Dept. of Corrections*, 756 F.3d 1246, 1262 (11th Cir. 2014). Consequently, *Martinez* does not provide Johnson with a basis for equitable tolling.

For the reasons indicated above, Johnson does not demonstrate his entitlement to equitable tolling. Because he filed his § 2254 petition after AEDPA's one-year limitation had elapsed, his petition is untimely and the claims therein are not subject to further review.

### III.   CONCLUSION

---

[4] In *Martinez*, the Supreme Court held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial...." *Id*. *Martinez* is limited to defaults of claims of ineffective assistance of trial counsel that occur at the Rule 32 court level. *See id*. at 1319-20.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before December 16, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of December, 2016.

/s/ Terry F. Moorer
Terry F. Moorer
United States Magistrate Judge