IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALVIN JAMES JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv1127-MHT |
| | ) | (WO) |
| WALTER MYERS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

OPINION AND ORDER

On March 22, 2017, the court entered a judgment in this habeas-corpus case denying petitioner Alvin James Johnson's petition for writ of habeas corpus as time-barred. See Judgment (doc. no. 36). Under Federal Rule of Appellate Procedure 4(a)(1)(A), Johnson had until April 21, 2017, to file a notice of appeal.[1]

---

 1. Rule 4(a)(1)(A) requires that a litigant in a civil action file a notice of appeal with the clerk of the district court within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A).

However, he did not file a notice of appeal until over two months later, on June 28, 2017.[2]

In his pro se notice of appeal, Johnson reports that, due to the mishandling of the mail by the mailroom clerk at Holman Correctional Facility, where he is incarcerated, he did not receive notice of this court's judgment denying his habeas petition until June 26, 2017. Notice of Appeal (doc. no. 37) at 1. The Eleventh Circuit Court of Appeals has held that, when a pro se appellant submits a late notice of appeal and contends that he did not receive timely notice of the entry of the judgment from which he seeks to appeal, the court should treat the appellant's notice as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997). Accordingly, this court

---

2. For purposes of Rule 4(a)(1), Johnson's notice of appeal is deemed filed on the date he delivered it to prison authorities for mailing, which Johnson's certificate of service (doc. no. 37 at 2) indicates was June 28, 2017. See Houston v. Lack, 487 U.S. 266, 271-72 (1988).

construes Johnson's notice of appeal also to contain a motion under Rule 4(a)(6) to reopen the time to file an appeal from this court's judgment of March 22, 2017.

Rule 4(a)(6) allows the district court to reopen the time for filing an appeal upon a motion "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice ... of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). The district court may grant such a motion upon finding that (i) the moving party did not receive timely notice of the judgment or order sought to be appealed[3] and (ii) no party would be prejudiced. Fed. R. App. P. 4(a)(6)(A) & (C).

Here, Johnson states he did not receive notice of this court's judgment denying his habeas petition until June 26, 2017, and he represents that he filed what

---

3. Rule 4(a)(6)(A) provides that notice of the judgment or order is deemed untimely when "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."

3

this court has construed as his motion to reopen the time to file an appeal on June 28, 2017.

After consideration of the record, the court makes the following findings:

(1) Johnson first received notice of the court's March 22, 2017, judgment denying his habeas petition on June 26, 2017; therefore, such notice of judgment was not timely received by Johnson. See Fed. R. App. P. 4(a)(6)(A).

(2) Because Johnson filed his motion to reopen the time to file an appeal on June 28, 2017, such motion was filed within 14 days after Johnson learned of this court's judgment denying his habeas petition and was filed well within the outer time limit of 180 days after entry of the court's judgment. See Fed. R. App. P. 4(a)(6)(B).

(3) No party will be unfairly prejudiced by reopening the time for Johnson to file his appeal. See Fed. R. App. P. 4(a)(6)(C).

\*\*\*

Accordingly, for the foregoing reasons, it is ORDERED that petitioner's notice of appeal (doc. no. 37) is treated as also a motion to reopen the time to file an appeal; that petitioner's motion to reopen the time to file an appeal (doc. no. 37) is granted; and that the court finds that petitioner's notice of appeal (doc. no. 37) was timely filed on June 28, 2017.

DONE, this the 11th day of July, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE